JAMES L. CALDWELL, PLAINTIFF IN ERROR, v. THE CITY OF LINCOLN, DEFENDANT IN ERROR.

1. **Municipal Corporations**: OCCUPATION TAX. While cities of the second class having more than five thousand inhabitants have authority to impose a tax on any occupation or business within the limits of the city, yet such ordinances must be so framed as to make such taxes uniform in respect to the classes upon which they are imposed; and such taxes must be reasonable, considering the nature of the business, and not so high as to prohibit the carrying on of the business.

2. ——: ——. The power to impose taxes is derived alone from the statute, and must be expressly conferred or be necessarily implied.

3. ——: RECOVERY OF TAXES PAID UNDER PROTEST. The right to recover under the statute illegal taxes paid under protest, *Held*, Applicable to a business tax collected under a void ordinance.

ERROR to the district court for Lancaster county. Tried below before POUND and MITCHELL, J.J.

*J. L. Caldwell, pro se.*

*A. W. Field,* for defendant in error.

MAXWELL, CH. J.

This action is brought by the plaintiff as assignee of one John Waugh, to recover from the defendant the sum of $120, paid under protest for license tax unlawfully exacted. The defendant demurred to the petition and the demurrer was sustained in the court below and the action dismissed. The following is a copy of the petition:

"The plaintiff complains of the defendant and says the defendant is a city of the 2d class, duly organized under the laws of Nebraska, and had on November 20th, A.D. 1883, more than ten thousand inhabitants.

" That in the month of November, A.D. 1883, the mayor and councilmen of the said city of Lincoln pretended to pass, and on November 20th passed, and on November 30th, 1883, approved a certain pretended paper or ordinance in writing, and have caused the same to be published as a valid ordinance of the said city of Lincoln on page 78, Revised Ordinances of 1884, and have instructed their police officers to enforce its provisions, which said ordinance reads as follows, to-wit:

## " AN ORDINANCE

" To provide for licensing the sale of bankrupt or other stocks of goods, wares, or merchandise, to be sold or exposed for sale at auction, within the corporate limits of the city of Lincoln.

" Be it ordained by the mayor and councilmen of the city of Lincoln:

"Section 1. *Unlawful to sell without license.* It shall be unlawful for any person or persons to sell or expose for sale at public or private auction in the city of Lincoln, any

bankrupt or other stock of goods, wares, or merchandise of any character whatever, or for any person or persons, or commission merchants to receive any such stock of goods, wares, or merchandise for the purpose of selling or exposing the same for sale within the limits of said city at public or private auction, without having first procured a license so to do, which said license shall be issued by the clerk of said city on presentation of the receipt of the city treasurer for money paid as provided in section two hereof. Said license shall be signed by the mayor and clerk and be attested by the seal of said city. *Provided*, That the provisions of this act shall not apply to live stock.

"Section 2.— *Cost of temporary license.*—Any person desiring to conduct the business of selling at auction in the city of Lincoln, any bankrupt or other stock of goods, wares, or merchandise, shall first pay to the city treasurer the sum of twelve dollars for each day said business shall be carried on. *Provided*, No license shall be granted for a shorter time than ten days.

"Section 3.— *What license shall specify.*—Every such license shall specify the character of the goods to be sold and the place where said business is to be carried on.

"Section 4.—*Licensee cannot act as auctioneer.*—The license obtained under this ordinance shall not authorize the holder thereof to act as auctioneer.

"Section 5.—*Penalty.*—Any person who shall violate any of the provisions of this ordinance, shall for each offense be fined in any sum not less than fifty dollars, nor more than one hundred dollars, and to be committed until said fine and costs are paid.

"Section 6.—*Ordinances repealed.*—All ordinances and parts of ordinances in conflict herewith are hereby repealed, and this ordinance shall take effect and be in force from and after its passage, approval, and publication according to law.

"Passed November 26, 1883. Approved November 30, 1883.

"That on the 13th day of December, 1883, one John Waugh was the owner of a stock of goods in Webster's block in the city of Lincoln. That said stock of goods had been opened up and offered for sale since November 1, 1883; at retail prior to November 26, 1883. And that a few days prior to that date said owner decided to close out the said stock of goods at public auction to pay debts then past due. That after and before the commencement of the said auction sales, a number of retail dealers in fancy goods and notions conspired together to prohibit the said auction sale, and all auction sales in said city, and went before the said mayor and councilmen and requested and procured the passage of said pretended ordinance.

" That the police officers of said city of Lincoln, acting under the instructions of the mayor and council of said city, on the 13th day of December, 1883, while the said owner was proceeding with his sale with a duly *licensed auctioneer* of the said city, went into the store and commanded him to stop the sale or take out a license or they would arrest him, and declared the auction sale closed until a license was procured as provided by the terms of said pretended ordinance.

"That to avoid the entire loss of the remaining portion of said stock of goods, the said owner deposited under protest one hundred and twenty (120) dollars with the treasurer of said city and caused to be written on the face of the receipt "Paid under protest." That he, presented said receipt to the city clerk of Lincoln and was given a paper writing of license in the words and figures following, to-wit:

"Having paid the sum of one hundred and twenty dollars, the amount required by ordinance, license is hereby granted to John Waugh, to sell general merchandise at Webster's block, 11th st., bet. N and M, in said city, for 10 days, subject to the ordinance of said city.

[L. S.]                    R. C. MANLEY,
Dated Dec. 13th, 1883.                  *City Clerk.*

"( Endorsed.)    In consideration of one hundred and twenty dollars I hereby assign the claim of $120 which I have against the city of Lincoln, Lancaster county, Nebraska, to W. J. Houston.

"JOHN WAUGH.

"I assign this to J. L. Caldwell.

"W. J. HOUSTON."

"Filed January 30, 1885.

"Recommended not allowed by city attorney, and his recommendation adopted March 16th, 1885.

"R. C. MANLEY,

"City Clerk.

"That J. L. Caldwell is the owner and holder of said owner's right to demand the payment of said sum of one hundred and twenty (120) dollars.

"That demand for payment has been made to the mayor and councilmen of said city of Lincoln, and payment refused.    That no part of said claim has been paid, and by said refusal to pay him said sum of money said J. L. Caldwell is damaged in the sum of one hundred and twenty dollars."

Two questions are presented: 1st. The validity of the ordinance.    2d. In case the ordinance is held invalid, the right of the plaintiff to recover back the money paid.

Lincoln is a city of the second class, containing more than five thousand inhabitants, and the special provisions in the act creating such cities control as to the powers of the city government.    Comp. Stat., ch. 14, art. II.

Subdivision VIII. of section 52 of the act creating and providing for the government of such cities, confers the power to impose such taxes as follows: "To raise revenue by levying and collecting a license tax on any occupation or business within the limits of the city, and regulate the same by ordinance; and such taxes shall be uniform in respect to the classes upon which they may be imposed; Provided, however, That all scientific and literary lectures

and entertainments shall be exempt from taxation, as well as concerts and other musical entertainments given exclusively by citizens of the city." This is the only authority we find in the statute for the imposition of a license tax. It will be observed that such taxes are to be uniform as to the classes upon which they are imposed. The title of the ordinance, however, is not to license an occupation or business, nor is there any provision in the ordinance itself for the issuing of a license for a longer period than ten days. That the city of Lincoln has authority to impose a license tax upon auctioneers within the city, there is no doubt, and it may impose the same kind of taxes upon merchants and others within the city who engage in the business of selling goods at auction, but it must do so by general ordinance, in which all persons who engage in the business are treated alike, and the tax is to be upon the occupation or business. This is not attempted to be done in the case under consideration.

Section one provides that, " it shall be unlawful for any person or persons to sell or expose for sale at public or private auction in the city of Lincoln any bankrupt or other stock of goods, wares, or merchandise of *any character whatever*, or for any person or persons or commission merchants to *receive* any such stock of goods, wares, and merchandise for the purpose of selling or exposing the same for sale," etc. Without discussing the provision prohibiting merchants or other persons from receiving goods, wares, and merchandise which it was proposed to sell at auction, it is apparent that the ordinance extends far beyond the power of the city council and mayor in levying taxes upon occupations or business. It is a principle universally declared that municipal corporations can levy no taxes, general or special, upon the inhabitants or their property, unless the power be plainly and unmistakably conferred. The authority must be given either by express words or by necessary implication, and it cannot be de-

duced from any consideration of convenience or advantage. Dillon Mun. Cor., § 605. The business of an auctioneer is a lawful and useful one, and that of selling goods at auction is supposed to be, and an ordinance taxing the business must be so framed as to provide for all persons who desire to engage in the business, either from year to year or temporarily; but it must be in the nature of a tax, and not so oppressive as to prohibit, and must be reasonable, considering the nature of the business or occupation. The ordinance in this case is clearly in conflict with both of these principles, and is void.

2. Can the plaintiff recover the money thus paid back? The allegation in the petition is, in substance, that the police of the city, acting under the direction of the mayor and city council, while the sale was proceeding under a licensed auctioneer of the city, went into the store and ordered Waugh to stop the sale or take out a license, and threatened to arrest him, and declared the auction sale closed until a license was procured; that to avoid the entire loss of the remaining portion of his goods he deposited one hundred and twenty dollars with the treasurer and took his receipt, and there was written on the face of the receipt, "Paid under protest." Without entering into a general discussion of the question of the right to recover back money paid under protest, it is evident that section 144 of chap. 77, Comp. St., applies in this case. The language is general, and provides that, "in *every case* the person or persons claiming any tax or any part thereof to be for any reason invalid, who shall pay the same to the tax collector or other proper authority in all respects as though the same was legal and valid, such person may at any within thirty days after such payment demand the same, in writing, from the treasurer of the state, or of the county, city, village, township, district, or other subdivision, for the benefit, or under the authority, or by the request of which the same was levied," etc.; and if the sum thus

collected for an illegal tax is not paid within ninety days the party may bring an action to recover it. When this claim was presented to the city council does not appear, nor can that objection be interposed by demurrer. *Mills v. Rice*, 3 Neb., 76. Whether the failure to present the claim to the city council would affect the right to recover in any case, or only the question of costs, is not now before the court, and will not be considered. It is evident that the petition states a cause of action, and the demurrer should have been overruled.

The judgment is therefore reversed, and the cause remanded for further proceedings.

Reversed and remanded.

The other judges concur.