# Nashville, Chattanooga & St. Louis Railway Co. *v.* Alabama City.

*Action by Municipality to recover License Tax.*

1. *Action to recover license tax; sufficiency of complaint.*—In an action by a municipality to recover a privilege or license tax for the doing of business within said municipality, as prescribed by the ordinances of said city, it is not necessary that the complaint should set out the ordinances in full, but it is sufficient if it states the substance of the ordinances and avers the violation of them by the defendant.

2. *Action against railroad company to recover privilege tax; sufficiency of plea.*—In an action by a municipality against a railroad company to recover a privilege tax imposed by a city ordinance upon each railroad company having an office or running cars through or into said city, for the business of transporting freight and passengers therefrom to other points in the State, and from other points in the State to said city, the averment in the plea that the defendant had neither an agent nor an office in the plaintiff city and had not since the enactment of the ordinance referred to in the complaint, presents an immaterial and irrelevant issue and is frivolous; and upon motion made, such averment is properly stricken from the plea.

3. *Municipal ordinance; validity of ordinance imposing license tax.*—Where, under the charter of a municipality, there is power conferred on the city council "to levy and collect from all persons, firms or corporations trading or carrying on any business, trade or profession by agent or otherwise in said corporate limits, a license tax," an ordinance of said city requiring that each railroad, having "an office in or running its cars through or into this city for the

[Nashville, Chattanooga & St. Louis Railway Co. v. Alabama City.]

business of transporting freight or passengers from" said city to other points in the State, and from other points in the State to said city, shall pay a designated license tax, is the valid exercise of the power conferred by said charter.

4. *Same; validity of city ordinance.*—Such ordinance is not violative of the interstate commerce laws, or of the fourteenth amendment of the Constitution, nor is it a valid objection to such ordinance that the railroad operating or doing business in said town does not derive sufficient revenue to pay the expenses incurred in operating the railway in said town.

5. *License tax; reasonableness thereof.*—The reasonableness or unreasonableness of a license tax can not be determined by the extent of the business of a single individual or corporation.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was a suit by the city of Alabama City against the appellant, to recover several sums alleged to be due to the plaintiff for license or privilege tax for the defendant engaged in the business in Alabama City of operating its railroad therein, for the transportation of freight and passengers, one or both, to points in the State of Alabama and from other points in the State of Alabama to Alabama City; it being averred in each of the counts of the complaint claiming the privilege tax of fifty dollars for each of the years in which the plaintiff failed to take out a license, that the defendant had not paid said amount as required by the ordinance of the plaintiff.

The complaint contained three counts, setting out the facts as above stated. The third count of the complaint did not set out the ordinance of the city upon which the claim was based, but it stated the substance of the ordinance and averred its violation by the defendant. The defendant demurred to the complaint and to each count thereof upon the ground that it did not set out in full the ordinance or ordinances under which the amount sued for is claimed to be due. This demurrer was overruled, and thereupon the defendant pleaded the general issue and several special pleas. The second plea was in words and figures as follows: "2d. That it has not been engaged in the busi-

ness of running cars through or into Alabama City for the business of transporting freight or passengers, one or both, from Alabama City to other points in this State, and from other points in this State to Alabama City, but that it runs its trains through the corporate limits of said Alabama City for the purpose of transporting freight and passengers from points outside of Alabama City to other points in this State and other States, (and that it has neither an agent nor an office in said Alabama City, and has not had since the enactment of the ordinance referred to in the complaint)."

By the third plea the defendant set up that the ordinance was in violation of the fourteenth amendment to the Constitution of the United States, in that the enforcement of the ordinance would deprive the defendant of its property without due process of law, because the defendant has not since the enactment of the ordinance referred to derived a sufficient revenue from the transportation of freight and passengers from Alabama City to other points in the State, and from other points in the State to Alabama City to pay its actual corporate expenses.

In the fourth plea the defendant set up that the enforcement of the ordinances referred to in the complaint against the defendant would be in violation of article I of section 10 of the Constitution of the United States, because it would impair the obligation of the contract, in that the defendant had obtained through the legislature of Alabama the right to run its trains through the territory embraced within the corporate limits of Alabama City, and the enforcement of said ordinance would prohibit the exercise of the privilege granted it by its charter.

In the fifth plea the defendant pleaded that the plaintiff has no authority under its charter to exact a license tax from this defendant for running its trains through the corporate limits of said city.

In the sixth plea the defendant set up that the enforcement of said ordinance was an interference with interstate commerce.

Plaintiff moved to strike out that portion of the sec-

ond plea which is within parentheses, upon the ground that it seeks to present an immaterial and irrelevant issue, and because it was frivolous and impertinent. To each of the other pleas the plaintiff demurred upon the ground that no one of said pleas set up an answer to the complaint, and that they presented an immaterial issue, and that the facts therein set up were not in violation of the Constitution of the United States, nor was it an interference with interstate commerce. These demurrers were sustained. The cause was tried by the court without the intervention of a jury, upon an agreed statement of facts. In this agreed statement of facts it was admitted that the defendant was operating a railroad through Alabama City, and was engaged in both State and interstate commerce, and that the defendant had no agent within the corporate limits of Alabama City, nor has it ever had, nor has it had a depot building there for the reception of its freight or passengers; that no tickets are or have been sold to passengers to or from Alabama City, but passengers holding tickets or paying fare to the next regular stations beyond are received or are permitted to get off trains at Alabama City; that all freight shipped for Alabama City both from points within and without the State, is billed to Gadsden, Ala., and delivered from Gadsden, with the exception that freight for the Dwight Manufacturing Company, at Alabama City, or its employees, is taken by the defendant to Alabama City and delivered to said Dwight Manufacturing Company without additional charge; that the receipts of defendant from passengers and freight at Alabama City, as detailed above, would not pay the actual operating expenses of defendant's railway within the corporate limits of Alabama City; that no license as required by the ordinances named in the complaint, or either of them, was ever taken out or paid for by defendant; that during the years named in the complaint, Alabama City contained some 2,000 inhabitants. The ordinances of the city were then set out in the agreed statement of facts, as was also the charter of the defendant specially referred to. The other facts of the case are sufficiently stated in the opinion.

27c

[Nashville, Chattanooga & St. Louis Railway Co. v. Alabama City.]

On the submission of the cause the court rendered judgment in favor of the plaintiff. The defendant appeals, and assigns as error the rulings of the court upon the pleadings and the rendition of judgment for the plaintiff.

OSCAR R. HUNDLEY, for appellant.—The ordinances involved in this suit are violative of article I, section 10 of the Constitution of the United States.—*Water W. Co. v. Sugar Ref. Co.*, 125 U. S. 18; *United States v. New Orleans*, 98 U. S. 381; *Meriweather v. Garrett*, 102 U. S. 472; *Murray v. Charleston*, 96 U. S. 432; *Home Ins. Co. v. City Council*, 93 U. S. 116.

As to the appellant, the ordinance is void, because it is violative of the commerce clause of the Federal constitution.—*Brimmer v. Rebman*, 138 U. S. 78; *Harmon v. City of Chicago*, 147 U. S. 396; *In re Lebolt*, 77 Fed. Rep. 587; *Booth v. Lloyd*, 33 Fed. Rep. 593; *Willis v. Standard Oil Co.*, 50 Minn. 290; *City of Phila. v. W. U. Tel. Co.*, 40 Fed. Rep. 615; *City of Phila. v. W. Tel. Co.*, 82 Fed. Rep. 797; *Van Hook v. City of Selma*, 70 Ala. 361; *Beer Co. v. Massachusetts*, 97 U. S. 25; *Thorpe v. R. R. Co.*, 27 Vt. 149.

The license tax is unreasonable and void.—*Ex parte Marshall*, 64 Ala. 266; *Ex parte Burnett*, 30 Ala. 469; *Miller v. Jones*, 80 Ala. 89; *Ex parte Sikes*, 102 Ala. 173.

DORTCH & MARTIN, contra, cited *Goldthwaite v. Montgomery*, 50 Ala. 486; *Anniston v. R. R. Co.*, 112 Ala. 557; *Holt v. Birmingham*, 111 Ala. 369; *N. C. & St. L. R. R. Co. v. Attalla*, 118 Ala. 362.

HARALSON, J.—1. There was no error in overruling the demurrer to the 3d count of the complaint,—the only one insisted on in argument,—on the ground that it did not set out in full the ordinance alleged to have been violated. It did state the substance of the ordinance, and averred its violation. It was only necessary to state its purpose and date, so as to identify it, and aver its violation.—*Goldthwaite v. City Council of Montgomery*, 50 Ala. 486.

2. In plea 2, the defendant averred that it had neither an agent nor an office in Alabama City, and had not had, since the enactment of the ordinance referred to in the complaint. The plaintiff moved to strike this averment out of the plea, because it was immaterial and irrelevant to the issue, and frivolous, which motion was granted, and in this there was no error. The fact averred did not negative defendant's liability to pay a license to do business in the municipality.—*A. G. S. R. R. Co. v. Tapia,* 94 Ala. 228.

The defendant does not insist on errors assigned on ruling of the court sustaining demurrers to pleas 4, 5 and 6.

3. The remaining grounds insisted on are, that the ordinance is void, for that, as alleged, it is violative of interstate commerce laws and of the 14th amendment of the Federal constitution, in that the revenue derived by the company on business done within the town, did not exceed $200 per annum, a sum not equal to the expenses incurred in operating the railway within the city, and for that reason a tax of $50 for a business license was unreasonable.

The act chartering Alabama City (Acts, 1890-91, p. 816), bestows on the mayor and aldermen all the powers usually found in the charters of cities, and among them the power (§ 12), "to ordain and pass such ordinances and by-laws, not inconsistent with the laws of this State, as shall be needful for the government, police interest, welfare and good order of said city; * * * to have and exercise police power in said city," etc.; and by section 15, "That said city council shall have authority to levy and collect from all persons, firm or corporation trading or carrying on any business, trade, or profession by agent or otherwise in said corporate limits, a license tax, which shall be fixed and declared by ordinance."

Under the agreed statement of facts on which the case was tried, it appears that for each year for which the license tax in this case is claimed, the mayor and aldermen had passed an ordinance making it unlawful for any person, firm or corporation to engage in or carry on any business, trade or profession in said city, for

which a license is required by law, without having paid for and taken out a license therefor as required by ordinance. The clause of the ordinance as to railroads was as follows: "Railroads, each company having an office in, or running cars through or into this city for the business of transporting freight or passengers from Alabama City to other points in this State and from other points in the State, to Alabama City, $50."

The ordinance by its terms invades no provision of interstate commerce regulations. It applies solely to business carried on by railroads, done exclusively within the borders of the State, and if our former adjudications on the subject are to be adhered to, from which we have no reason to depart, the ordinance does not interfere with interstate commerce.—*Anniston v. Southern R. Co.*, 112 Ala. 557; *Holt v. Mayor*, 111 Ala. 369.

Our eyes have not been opened to any violation of the XIV amendment to the Federal constitution, by the ordinance, nor do we regard the privilege tax as imposed, unreasonable and void on that account. "The reasonableness or unreasonableness of a license tax cannot be determined by the extent of the business of a single individual. There may be competition, or negligence on his part, or other considerations affecting the extent of the business."—*N. C. & St. L. R. Co. v. City of Attalla*, 118 Ala. 368.

We have passed on the questions requiring consideration, and under the agreed state of facts, conclude that the court below did not err in the judgment rendered.

Affirmed.