(81 South, 204)

POSTAL TELEGRAPH-CABLE CO. v. CITY OF DECATUR. (8 Div. 377.)

(Court of Appeals of Alabama. Nov. 26, 1918. On Rehearing, Dec. 17, 1918.)

1. COMMERCE &ominus;&rarr;69—INTERSTATE COMMERCE—LICENSES—TAXATION BY MUNICIPAL CORPORATIONS.

Code 1907, § 1339 (amended by Acts 1909, p. 121), providing that "the license herein authorized as to persons, firms or corporations engaged in business in connection with interstate commerce shall be confined to that portion within the limits of the, state and where such persons, firms or corporations have an office or transact business in the city or town imposing the license," is not objectionable as delegating authority to tax interstate commerce.

2. COMMERCE &ominus;&rarr;69—LICENSE TAX AFFECTING INTRASTATE BUSINESS — TELEGRAPH COMPANIES.

Since ordinance in question expressly excepts from its operation both government and interstate business, the contention that it is void because it was ordained in pursuance of an abortive effort to delegate legislative authority, and that it taxed government and interstate business, cannot be sustained.

3. LICENSES &ominus;&rarr;7(2)—SUBJECTS—ARBITRARY CLASSIFICATION—TRACTION AND TELEGRAPH COMPANIES.

Contention that there was an arbitrary classification of the subjects of license as affecting appellant telegraph company, because traction companies were not included in the same class as telegraph companies, is without merit.

4. TAXATION &ominus;&rarr;42(1) — SUBJECTS OF TAXATION—CLASSIFICATION.

The only limit to the discretion of the taxing authorities in making classifications is that the classification must not be arbitrary, and a mere subterfuge to shield the one and burden the other.

Bricken, J., dissenting.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action by the City of Decatur against the Postal Telegraph-Cable Company. From the judgment rendered, defendant appeals. Affirmed.

Certiorari denied 81 South. 205.

Eyster & Eyster, of Albany, and W. W. Cook, of New York City, for appellant.

Callahan & Harris, of Decatur, for appellee.

PER CURIAM. Some of the questions presented on this appeal were considered and disposed of in the case of Western Union Telegraph Co. v. City of Decatur, 81 South. 199,[1] and what was said there will not be repeated.

[1] It is here urged that section 1339 of the Code, which was amended by the act approved August 25, 1909 (Acts 1909, p. 121), expressly undertakes to delegate to municipal corporations authority to tax interstate commerce, and that this statute therefore is unconstitutional and void. Appellant's contention is predicated upon the following clause embodied in the statute:

"The license herein authorized as to persons, firms or corporations engaged in business in connection with interstate commerce shall be confined to that portion within the limits of the state and where such persons, firms or corporations have an office or transact business in the city or town imposing the license."

While the thought might have been more clearly expressed, the manifest intent and purpose of the proviso was to limit the authority of the municipality to the levying of a tax on the intrastate business of such persons, firms, and corporations conducted through an office within the corporate limits of the municipality. There is not the slightest suggestion that it was the purpose of the statute to authorize the taxing of government business. Therefore when the rule is applied that where a statute is reasonably susceptible of a construction that will render it free of constitutional objection, such construction will be adopted, rather than a construction that will render the statute unconstitutional and void, we have no trouble in reaching the conclusion that this section of the Code is not subject to the constitutional objections urged against it by appellant. State ex rel. Vandiver v. Burke, 175 Ala. 561, 57 South. 860.

[2] The ordinance, expressly excepts from its operation both government and interstate business, so the contention of appellant that the ordinance is void, because it was ordained in pursuance of an abortive effort to delegate legislative authority, and that it taxed government and interstate business, cannot be sustained. W. U. T. Co. v. City of Decatur, supra. When these principles and those announced in the case last cited are applied, the rulings of the court on the demurrers to the complaint are free from error.

[3] Another contention made is that there was an arbitrary classification of the subjects of taxation as affecting appellant, because traction companies operated by electricity were not included in the same class as telegraph companies. This contention is manifestly without merit. There are such marked differences between the business of a telegraph company and that of a traction company that it requires no argument to show that there is room for making a different classification of the two subjects of taxation.

[4] The only limit to the discretion of the taxing authorities in making classifications is that the classification must not be arbitrary

and a mere subterfuge, to shield the one and burden the other. Toyota v. Hawaii, 226 U. S. 184, 33 Sup. Ct. 47, 57 L. Ed. 180; Ex parte Frank, 52 Cal. 606, 28 Am. Rep. 642; Hewin v. Atlanta, 121 Ga. 723, 49 S. E. 765, 67 L. R. A. 795, 2 Ann. Cas. 296; 19 R. C. L. § 255; City of Montgomery v. Kelly, 142 Ala. 552, 38 South. 67, 70 L. R. A. 209, 110 Am. St. Rep. 43.

While the pleas in this case are somewhat different from those in the case of W. U. T. Co. v. City of Decatur, supra, when the principles announced in that case, and as stated herein, are applied, the rulings of the court on the demurrers to the several pleas were without error. Under our system of pleading, the only matters put in issue by the general issue pleaded to the complaint were the fact of the existence of the ordinance, that defendant had engaged in business within the corporate limits of the city of Decatur during the years named in the complaint, and was subject to said ordinance, and whether or not such tax had been paid. Code 1907, § 5331.

Under the issues formed and the proof offered, the plaintiff was entitled to the affirmative charge.

We find no error in the record.

Affirmed.

BRICKEN, J., dissenting, on the point stated in the dissenting opinion in the case of Western Union Telegraph Company v. City of Decatur, ante, p. 679, 81 South. 199.

On Rehearing.

PER CURIAM. The application for rehearing in this case, and the brief in support thereof, are verbatim et literatim copies of the application and briefs in the Western Union Tel. Co. v. City of Decatur, 81 South. 199,[1] and what is said in response to the application in that case fully answers the application here. Moreover, as was pointed out in the original opinion in this case, the pleas in this case are materially different from those in Western Union v. City of Decatur, supra, and were subject to many of the objections pointed out by the demurrers.

To illustrate: The pleas in this case take as a criterion for determining the unreasonableness of the ordinance of the city of Decatur the volume of business done by this particular defendant and the result of its business. This, under the rulings of the Supreme Court, is not the true criterion by which the questions can be determined. N., C. & St. L. v. Attalla, 118 Ala. 364, 24 South. 450; N., C. & St. L. v. Alabama City, 134 Ala. 414, 32 South. 731; City of Troy v. W. U. T.

Co., 164 Ala. 482, 51 South. 523, 27 L. R. A. (N. S.) 627.

There is no merit in the application, and it is overruled.

Application overruled.