168 So. 695
### EQUITABLE BUILDING & LOAN ASS'N v. STATE.
### 3 Div. 165.

Supreme Court of Alabama.
April 23, 1936.

Rehearing Denied June 18, 1936.

D. Eugene Loe and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellant.

A. A. Carmichael, Atty. Gen., Matt H. Murphy, Sp. Asst. Atty. Gen., Dan P. Barber, of Birmingham, and Adrian Van De Graaff, of Tuscaloosa, for the State.

PER CURIAM.

In State v. Tuscaloosa Building & Loan Association, 230 Ala. 476, 161 So. 530, 99 A.L.R. 1019, the holding was that building and loan associations, with charter powers and conducted in the manner of this defendant association, as disclosed by the agreed statement of facts, were lenders of money and subject to the license here sought to be collected.

We are unable to follow the reasoning of the appellant that (due doubtless to the financial depression), defendant having but a small sum to loan, it may escape liability. The lawyer who opens his office for business is due to pay his license whether or not a single client darkens his door. Indeed, the volume of business is wholly immaterial.

The mere fact that the license is payable in advance should suffice to demonstrate the soundness of this conclusion. The statute (section 361, Gen.Acts 1919, p. 395) specifically provides as to such businesses that those engaged therein "shall first procure a license."

Clearly, if defendant had, and continued to keep open, an office in the city of Montgomery, collecting interest on former loans (as agreed statement of facts discloses), and continues to make loans, though few in number and small in amount, it is liable for this license payable in advance.

We have held in the Tuscaloosa Building & Loan Association Case, supra, that the principal business of such a corporation is lending money.

The facts show that defendant's major income during the years here in question was from interest on loans. The fact that during these years the principal part of the loan business was in looking after those loans cannot serve to remove defendant's business from the force of the statute. This was a part of the loan business. Defendant has not liquidated. It did not cease to do business, but continued to maintain its place of business in the city of Montgomery, and in the year 1935 its loan business actually increased.

The purpose of the statute was to exclude those persons who, as a mere incident to their private affairs, occasionally loaned money, but who were not really engaged in such business.

The expression "whose principal business is lending money," as found in schedule 70, § 361, Gen.Acts 1919, pp. 395, 419, is a mere matter of classification, and nothing more. Defendant comes within this classification by its very charter powers and the purpose of its creation, as decided in the foregoing authority. The loans made from year to year show a continuance in business. What business? The business of a loan association, of course, and the principal business of a loan association is the lending of money. The number and amount of loans are, therefore, in our minds, wholly immaterial (Nashville, C. & St. L. Ry. Co. v. Alabama City, 134 Ala. 414, 32 So. 731), and we think it logically follows that the trial court correctly ruled in holding defendant liable for the license.

Our conclusion is the judgment should be affirmed, and it is of consequence here so ordered.

Affirmed.

ANDERSON, C. J., and GARDNER, BOULDIN, and BROWN, JJ., concur.

THOMAS, FOSTER, and KNIGHT, JJ., dissent.

FOSTER, Justice (dissenting).

The several counts of the complaint, each respectively, claim of defendant the license tax for the years of 1931, 1932, 1933, 1934, and 1935, which begin October first of the year preceding, for engaging in the business of lending money, as provided in the Revenue Act of 1919, at page 419, § 361, schedule 70.

The license tax there provided for is only applicable to one "whose *principal business* is lending money."

There is an agreed statement of facts in which it is stipulated that the sole question in this case is whether defendant was during that time engaged principally in the business of lending money. If so, it is not

denied that defendant is due to pay the tax under our case of State v. Tuscaloosa Building & Loan Association, 230 Ala. 476, 161 So. 530, 99 A.L.R. 1019.

It is agreed that from the beginning of the tax year 1931, to wit, October 1, 1930, defendant "has been practically defunct, and said business has consisted almost entirely of the liquidation of said loans made by defendant during the tax years 1928 and 1929."

It also there appears that defendant, a building and loan association, did not advertise for or seek borrowers during the years here in question; and only made loans as follows: 1931, one loan for $1,750; 1932, one for $750; 1933, none; 1934, two aggregating $2,100; 1935, six aggregating $4,050. In the tax year of 1928, it loaned $139,843.03; in 1929, $80,750; in 1930, $16,650. During the years 1931 to 1935, inclusive, its income was almost wholly from loans made in the preceding years, and its business almost entirely was in the liquidation of those loans.

With that agreed upon, it is our view that the proper inference is that defendant was not during those years engaged principally in lending money, and was not due to pay the license tax provided for one so engaged.

We think the judgment should be reversed and one rendered in favor of defendant, who is the appellant here.

THOMAS and KNIGHT, JJ., concur.