No. 6400.

CITY OF NEW ORLEANS vs. JULIUS KAUFMAN ET AL.

The constitutional provision that taxes shall be equal, and uniform, does not prevent the Legislature, or any municipal corporation authorized thereto by the Legislature, from dividing the objects of taxation into different classes, and imposing different taxes on each class. It merely requires that the tax on each member of the same class shall be the same.

APPEAL from the Superior District Court, parish of Orleans. *Lynch*, J.

*S. P. Blanc*, Assistant City Attorney, for plaintiff and appellant.

*Buck & Dinkelspiel*, for defendants.

The opinion of the court was delivered by

MANNING, C. J. The city of New Orleans sues for two hundred and fifty dollars as license tax for pursuing the occupation of junk dealer.

The clause of the ordinance upon which the right to demand this sum of the defendant is based is: "Every member of a company or firm, and every person not connected with a company or firm, keeping a junk store, or old iron, brass, copper, second-hand machinery, cordage, rags, loose cotton, and like articles, two hundred and fifty dollars."

The defendant attacks the constitutionality of the ordinance because of its discrimination of his avocation from the ordinary dealer in merchandise, and, having deposited in court or tendered the sum admitted to be due for license as such dealer in merchandise, prays to be relieved from the larger tax now demanded. He also avers that the tax is not uniform, since it imposes different sums for license on the general dealer in merchandise and the dealer in specified articles, and he denies the authority of the General Assembly to empower the city to impose a tax for trade licenses and professions. He also denies that he carries on a junk store, and alleges that he is engaged in a general wholesale and importing business, the license tax of which is only one hundred dollars.

Worcester defines junk to be pieces of cable or old cordage, used for making points, gaskets, mats, etc. The ordinance has also defined what it means by a *junk store*, evidently intending by the use of the disjunctive conjunction immediately after that expression to show that what followed was an amplification or explanation of its meaning.

A junk store seems to be as clearly defined as a drug store. One of the witnesses, describing the kind of business pursued by defendant, says: "It is a junk shop, a place where anything can be bought or sold, as paper, cordage, old rags, old iron, anything at all that they can sell." The defendant, explaining his business, says he will buy old iron, old rags, old books, old tin pots, ropes, and tin cans. From which it follows that he does keep a junk store; and that this is an avocation, distinct and specific from that of the ordinary dealer in merchandise, is apparent. It forms a class by itself, and its signification is as well understood as are the expressions dry goods store, drug store, or groceries store.

The constitutional requirement that taxation shall be equal and uniform throughout the State (article 118) does not inhibit the Legislature from, nor deprive it of, the power of dividing the objects of taxation into classes, but it does command the law-making department of the government to impose the same burden upon all who are in the same class. It has been held (State vs. Lathrop, 10 An. 398,) even that a tax or license may be imposed upon one kind of insurance companies, and another and larger tax upon a different kind, and that, too, when the only difference was that one was a foreign incorporation and the other not. There is much stronger reason to hold that the particular avocation described in the ordinance as a junk store forms a class, separate and distinct from that of a wholesale dealer and importer, in which latter the defendant places himself.

It is also urged that the General Assembly is without power to impart to the City Council the authority to levy taxes or collect licenses. The constitution empowers the General Assembly, in the article already quoted, to levy and enforce taxes and licenses, and the power of that body to create municipal corporations and delegate to them the authority to impose taxes, is universally recognized. An eminent writer, Cooley's Taxation, 51, treating of the general proposition that a Legislature can not delegate its powers, says : "One clearly-defined exception to the general rule exists in the case of municipal corporations in the levy and collection of local taxes. Universal custom, which tacitly or expressly has been incorporated in the State constitutions, has made them a part of the general machinery of State government, and in their case the State does little beyond prescribing rules of limitation, within which, for local purposes, the power to tax is left to them, with authority subordinate to that of the State to make rules for its regulation and execution."

The Legislature has empowered the City Council (Acts of 1870, extra session, pp. 35-37,) to levy taxes, and impose a license tax upon all persons pursuing any trade, profession, or calling, and in pursuance of the authority thus conferred the tax now complained of was imposed by the city ordinance. The defendant is subject to the burden thus legally placed upon him, and the judgment of the lower court relieving him of it is erroneous.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court is avoided and reversed, and that the plaintiff now have and recover of the defendant, Julius Kaufman, two hundred and fifty dollars, with five per cent per annum interest from the first day of March, 1876, and costs of both courts ; that the injunction sued out by plaintiff is perpetuated, and the lien and privilege of plaintiff upon the property of the defendant, as asserted in his petition, is recognized and ordered to be enforced.