(117 So. 656)

# WARRIOR WATER CO. v. LONG.
## (6 Div. 179.)

Supreme Court of Alabama.   June 28, 1928.

Arthur Fite, of Jasper, for appellant.

Sowell & Gunn, of Jasper, for appellee.

THOMAS, J.   The trial was had before the judge of the court without a jury and upon an agreed statement of facts.   The judgment was

126

for the defendant as probate judge, and plaintiff was taxed with the costs.

The appellant pursued the proper remedy for the redress of his wrongs, if such there were. Ala. Con. C. & I. Co. v. Herzberg, 177 Ala. 248, 59 So. 305; Woco-Pep Co. of Montgomery v. City of Montgomery, 213 Ala. 452, 105 So. 214.

The counsel for appellant has stated the question involved, which is found in subdivision (a) of "Schedule 89, Public Utilities," p. 427, General Acts 1919. It reads as follows:

"Where no existing public utility is taken over such license tax for the first year, as well as for the second year, shall be based upon the the first year's business, *but shall in no event be less than one hundred dollars for the first year's business.* Any person, firm or corporation establishing a new public utility shall pay to the state the sum of one hundred dollars, and shall also at the same time execute a bond, payable to the state of Alabama, to insure payment of whatever sum, in addition to the one hundred dollars, may be due when at the end of the first year the amount of the gross receipts for that year are ascertainable." (Italics supplied.)

It is further provided by the Revenue Act of 1919, § 377, p. 445:

"If any business licensed by this act shall commence after the first day of April in any year, *the amount of the license shall be one-half of the year's license.* In all other cases the license shall be taken out for the full term of one year, unless a shorter term is fixed by the provisions of this act. In all cases where the amount of license is rated according to the population of the town, city, or county, the population of such town, city or county as fixed by the last preceding United States Census shall govern." (Italics supplied.)

█ It is the insistence of counsel for appellee that the foregoing provisions of the statute were within and present a sound basis for a distinction of class for levying a minimum license tax upon a new public utility. Under the authorities, state and federal, the act with its classification is not void, since it is not discriminatory, arbitrary, unreasonable, and without foundation. Woco-Pep Co. of Montgomery v. City of Montgomery, 213 Ala. 452, 457, 105 So. 214; Quartlebaum v. State, 79 Ala. 4 (Judge Stone's sewing machine tax case); Williams v. State ex rel. Schwarz, 197 Ala. 46, 47, 72 So. 330, Ann. Cas. 1918D, 869, for authorities; Republic I. & S. Co. v. State, 204 Ala. 469, 86 So. 65; Gamble v. Montgomery, 147 Ala. 682, 39 So. 353 (the trading stamp case); Ex parte Birmingham v. O'Connell, 195 Ala. 60, 63, 70 So. 184; Saks v. Birmingham, 120 Ala. 190, 24 So. 728; O'Hara v. State, 121 Ala. 28, 25 So. 622; N. C. & St. L. Ry. v. Attalla, 118 Ala. 362, 24 So. 450; Williams v. Talladega, 164 Ala. 633, 649, 51 So. 330; Kidd v. Alabama, 188 U. S. 730, 23 S. Ct. 401, 47 L. Ed. 669; Singer Co. v.

Brickell, 233 U. S. 304, 34 S. Ct. 493, 58 L. Ed. 974, reviews the Alabama Case; 37 C. J. p. 198, § 52, subsec. 2; In re Clark's Guardianship, 104 Okl. 245, 230 P. 891, 43 A. L. R. 595, note; City of Louisville v. Sagalowski & Son. 136 Ky. 324, 124 S. W. 339, 136 Am. St. Rep. 258; In re Haskell, 112 Cal. 412, 44 P. 725, 32 L. R. A. 527; Ex parte Lemon, 143 Cal. 558, 77 P. 455, 65 L. R. A. 946. See, also, State v. Goldstein, 207 Ala. 585, 93 So. 308, for authorities.

Under the Fourteenth Amendment, Constitution of the United States, and section 221, Constitution of Alabama, in Ex parte City of Birmingham v. O'Connell, supra, the court said, of the right to fix a rule of municipal license tax and toll the same:

"This court is of the opinion that satisfactory reason and authority justify the conclusion that such a classification is well grounded, and that, being so warranted, there is wrought by the section no illegal or unwarranted discrimination against any effected by the section; that the section in and of itself, or when considered in connection with other pertinent tax laws, does not offend any provision of the Constitution of Alabama nor the Fourteenth Amendment to the Constitution of the United States. * * * The matter presented for decision in Kidd v. Alabama, 188 U. S. 730, 23 S. Ct. 401, 47 L. Ed. 669, arose out of a statute of this state which exempted from taxation in this state the stock of domestic and foreign railroad companies that listed for taxation here substantially all of their property. A classification of particular objects of taxation in Alabama was by the statute effected. It readily appears that the distinction made in that instance was predicated of a condition created by the presence or the absence of a listing for taxation of substantially all of the property of the corporation concerned, the failure to list substantially all of its property for taxation requiring the taxation of the corporation's stock, and, on the other hand, the act of so listing its property gave the corporation exemption from taxation on its capital stock. In that case the Supreme Court (Justice Holmes writing), said: 'We see nothing to prevent a state from taxing stock in some domestic corporations and leaving stock in others untaxed on the ground that it taxes the property and franchises of the latter to an amount that imposes indirectly a proportional burden on the stock.' * * *

"This decision (Kidd v. Alabama) is, as we understand it, rested upon the affirmative fact that a distinction in respect of taxation may be taken and made effective in a statutory system; that is, grounded in substantial considerations suggestive of equity and natural justice in the imposition of the burdens of taxation."

█ The power to tax an occupation is not dependent upon and limited by its ability "to earn a profit" as the business or occupation is conducted; there may be competition or negligence or other contributing causes or considerations entering into and affecting the extent of business or occupation in the extent of business or ability to earn a profit. Williams v. City of Talladega, 164 Ala. 633, 649, 51 So.

330, Id., 226 U. S. 404, 33 S. Ct. 116, 57 L. Ed. 275; N. C. & St. L. Ry. v. Attalla, 118 Ala. 368, 24 So. 450; Woco-Pep Co. of Montg. v. City of Montgomery, supra. The evidence shows that the appellant was constructing its plant during the tax year and went into its business operations on September 1st, 1927, and showed a gross receipt for that month of $317.06. It is immaterial for such segment of the year whether this sum represented a profit or loss to the new business. A sufficient and reasonable time and due opportunity must be shown to challenge a taxing statute on the grounds that it is oppressive and confiscatory. Hale v. State, 217 Ala. 403, 116 So. 369, 370; Woco-Pep Co. of Montgomery v. City of Montgomery, supra; Williams v. City of Talladega, 164 Ala. 633, 51 So. 330.

In the case of Quartlebaum v. State, 79 Ala. 1, 4, Mr. Chief Justice Stone declared the rule to be that:

"Much must be left to the discretion of the Legislature, for exact equality of taxation can never be reached. So long as the burden falls with equal weight upon every member of a given class, natural and artificial persons alike, it is difficult to formulate an argument that such levy violates any provision of our own, or of the Federal Constitution. Neither of them requires a horizontal tax."

And the observation as to such general rule has not been departed from in this or federal jurisdiction, and is not void if, in the administration of the law, the classification is reasonable and its application or administration does not offend the requirements as to equality. The Legislature made a general class of new public utilities, intended and declared that all new public utilities should come under that class, then subdivided the class into those which "took over old public utilities," and operated them and those which "did *not* take over old public utilities," but proceeded with construction. Under the agreed statement of facts, appellant comes within the last class or subdivision thereof. All public utilities coming under the provisions of that class, or the several subdivisions thereof, are treated alike. The distinction is inherent in the condition of operation and preparation therefor and is reasonable and sufficient classification for taxing purposes. General classifications may be subdivided into particular classes or reclassify members of a general class so long as there may be a substantial as distinguished from a fictitious basis for doing so. Soon Hing v. Crowley, 113 U. S. 703, 5 S. Ct. 730, 28 L. Ed. 1145, 1147. And this the Legislature has done in the instant statute and in so doing was within its power under organic law.

The assessment of other properties as stocks, bonds, moneys, etc., was held a sufficient basis for distinction, to cover stocks in foreign railroad corporations owned by the person against whom such other assessment was made, in Kidd v. State, 188 U. S. 730, 23 S. Ct. 401, 47 L. Ed. 669; State v. Kidd, Ex'r, 125 Ala. 413, 28 So. 480. In Republic I. & S. Co. v. State, supra, the distinction for such classification was the method of taking the coal from the mine, held not to apply to wagon mines which do not load coal in railroad cars; and the payment of taxes on intangible property was held a "valid ground upon which to toll the amount exacted for a license fee to a municipality." Ex parte City of Birmingham v. O'Connell, 195 Ala. 60, 64, 70 So. 184, 185. This is ample illustration of a sufficient basis or distinction on which a class may be raised and sustained. And City Council, etc., v. Kelly, 142 Ala. 552, 38 So. 67, 70 L. R. A. 209, 110 Am. St. Rep. 43, is not to the contrary as explained in the case of Ex parte City of Birmingham v. O'Connell, supra. The trading stamp ordinance pronounced void in Kelly's Case was held a wrongful purpose to penalize a tradesman engaged in useful or innocent business merely because of the manner in which he advertised or conducted his business or sought trade therefor.

In the case of Kennamer v. State, 150 Ala. 74, 43 So. 482, the classification as to license tax on those using the public highway in hauling logs, lumber, etc., graduated according to the character of the vehicle employed. It was held the measure of the draft was thereby better determined under such a standard, and its use was "apt and entirely practicable," and the exceptions therefrom were not unreasonable and arbitrary. To the same effect is Hill v. Moody, Judge of Probate, 207 Ala. 325, 93 So. 422; Ex parte Smith, 212 Ala. 262, 102 So. 122.

In Levi v. Anniston, 155 Ala. 149, 46 So. 237, the junk dealer's permit or license from the city was for review, and applied to all alike except persons or corporations engaged in the manufacture of articles indicated; the case of Soon Hing v. Crowley, 113 U. S. 708, 5 S. Ct. 730, 28 L. Ed. 1145, was cited with approval and also McQuillin on Municipal Ordinances, § 193. The case concluded with the just observation that the business of a junk dealer and that of a manufacturer of the articles named in the ordinance are not of the same class.

In Phoenix Carpet Co. v. State, 118 Ala. 143, 151, 152, 22 So. 627, 628 (72 Am. St. Rep. 143), the subject of difference in taxation, as between the avocation tax and that on the franchises of corporations, was thus treated:

" * * * it must be equal and uniform. The equality and uniformity consists in the imposition of the like tax upon all who engage in the avocation, or who may exercise the privilege taxed; and if it be a franchise tax, upon all corporations belonging to the class upon which it is imposed. 1 Desty on Taxation, § 36; Cooley on Taxation (2d Ed.) 378; Delaware Railroad Tax, 18 Wall. 206 [21 L. Ed. 888]; City of New Orleans v. Kaufman, 29 La. Ann. 283 [29 Am. Rep. 328]; Durach's Appeal, 62 Pa. 491."

And in City Commissioners of Mobile v. Orr, 181 Ala. 308, 61 So. 920, 45 L. R. A. (N. S.) 575, the validity of an ordinance was for consideration on the classification therein contained. The fact that the owners of stables in which *two* animals were kept in one classification, and those owning stables in which more *than two animals* were kept, of a different class, restrictions and privileges was held to divide the owners and keepers of animals into two classes, and held that the ordinance proceeds upon no sound basis and is unlawfully discriminatory and invalid.

The court, through Mr. Justice Field, in Soon Hing v. Crowley, 113 U. S. 703, 708, 5 S. Ct. 730, 733, 28 L. Ed. 1145, 1147, declared that the laundry ordinance forbidding the conduct of that business between 10 in the evening and 6 in the morning, or on Sunday, was within the police power and not void on the ground that it discriminates between those engaged in the laundry business and those engaged in other classes of business, *or between the different classes of persons engaged in the laundry business*, when there is a substantial basis for reclassification, as public "washers and ironing," and those engaged only in "polishing, blueing, and wringing" of clothes.

The question in Connolly v. Union Sewer Pipe Co., 184 U. S. 540, 22 S. Ct. 431, 46 L. Ed. 679, was in error to review a decision in favor of the plaintiff in an action for the purchase price of goods bought of an illegal trust combination in violation of the Sherman Anti-Trust act (26 Stat. at L. 209, c. 647 [15 USCA §§ 1–7, 15]). Mr. Justice Harlan said of the agriculturalists' and stock raisers' exemption from the provisions of the statute:

"This court has held that classification 'must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily and without any such basis. * * * But arbitrary selection can never be justified by calling it classification. The equal protection demanded by the Fourteenth Amendment forbids this. * * * No duty rests more imperatively upon the courts than the enforcement of those constitutional provisions intended to secure that equality of rights which is the foundation of free government. * * * It is apparent that the mere fact of classification is not sufficient to relieve a statute from the reach of the equality clause of the Fourteenth Amendment, and that in all cases it must appear not only that a classification has been made, but also that it is one based upon some reasonable ground—some difference which bears a just and proper relation to the attempted classification—and is not a mere arbitrary selection.' " Gulf, C. & S. F. R. Co. v. Ellis, 165 U. S. 150, 17 S. Ct. 255, 41 L. Ed. 666; Cotting v. Godard, as Atty. Gen., etc., 183 U. S. 79, 22 S. Ct. 30, 46 L. Ed. 92.

This is the rule adhered to and applied to the facts of each case and statute under consideration.

We think the subdivision of the general classification into particular classes, or the classification of members of the general class, was not offensive to organic law, in that there was a substantial, as distinguished from a fictitious, basis for the classifications employed. That is to say, the schedule or classification before us measures up to the requirements of valid enactments under the Constitution, state and federal. Woco-Pep Co. v. Montgomery, 213 Ala. 452, 457 (8, 9), 105 So. 214; Republic I. & S. Co. v. State, supra; Soon Hing v. Crowley, 113 U. S. 708, 5 S. Ct. 730, 28 L. Ed. 1145, 1147.

In the construction of schedule 89, p. 427, Gen. Acts 1919, with section 377, they should be made to harmonize as a part of the system or act to provide for the general revenue of the state of Alabama. Acts 1919, p. 282. The words here pertinent, of schedule 89, as to this class A, are, "In no event be less than one hundred dollars for *the first year's business*; and those employed in section 377. "If any *business licensed * * ** shall commence (we interpolate "business") after the 1st day of April in any year, the amount of the license shall be one-half of the year's license." The plaintiff was entitled to recover in this cause the sum of $50 of the $100 paid the judge of probate under protest, since the *business* thus licensed commenced to do business, for and within the purposes of its creation and the construction of its properties and facilities, after the 1st of April.

The judgment of the circuit court is reversed, and a judgment here rendered in favor of plaintiff for $50, with interest thereon.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.