## Hammons et al. v. Musselman, Adm'x.

April 16, 1940.

J. G. Vallandingham, Judge.

C. C. Adams for appellants.

F. A. Harrison and R. L. Vincent for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

Denver Holbrook died intestate in 1918. Surviving him were his wife, Wavie Holbrook, and two infant daughters. One daughter was two years of age, the other was one. His widow received some $1,600 from his estate and each child received approximately $420.

Mrs. Holbrook qualified as guardian for her two children with J. H. Musselman, now deceased, and Asa Taylor as sureties on her bond. Following the death of her husband, Mrs. Holbrook took her children to the home of her father, G. S. Sowder, where all of them made their home for several years. Mrs. Holbrook married James Taylor about 1926. Thereafter, the children lived with their mother and stepfather. The mother of the two infants died in 1933, and J. D. Breeden qualified as their guardian.

In 1924, Mrs. Holbrook reported that she had invested the money her wards had inherited from their father in land which she then held for them. She and her father took title to the land in 1919. These parties engaged in other land transactions before Mrs. Holbrook married Taylor. Thereafter, she and Taylor purchased a farm. Each real estate transaction seems to have resulted in a loss, and when the last tract was sold it failed to bring an amount sufficient to satisfy the debt against it. No report other than the one mentioned was made by Mrs. Holbrook while she was serving as guardian of her children.

In 1937 this suit was filed by one of the children who had married and become of age, and the guardian of the other, against the appellees, Mrs. Carrie Musselman, administratrix of the estate of her deceased husband, J. H. Musselman and Asa Taylor. The appellants, plaintiffs below, sought judgment for the $838.30 which they received from the estate of their father and interest amounting to $1,025.40. Judgment was rendered in favor of the appellants for the principal, but the claim for the interest was denied. They are appealing from the part of the judgment denying their claim for interest. The appellees insist that the appellants were not entitled to recover anything, but they have filed no cross-appeal.

The real question before us is whether sureties on the bond of a guardian whose wards were her own children may make claim for credits for their support, upkeep and education when the guardian made no such claim. It may be argued that the chancellor made an equitable disposition of the case, but his finding can not be sustained unless there is legal basis for it. The appellees cite Section 2034 of the Statutes and the cases of

Commonwealth v. Lee, 120 Ky. 433, 86 S. W. 990, 89 S. W. 731, 28 Ky. Law Rep. 596, and James v. Buchanan, 6 Ky. Law Rep. 446, in support of the argument that the guardian has authority in certain instances to use the income and principal of a ward's estate for his support, maintenance and education. Parents are ordinarily required to support their infant children without charge, but the first case just cited sets forth some of the exceptions to this rule. The difficulty in the case at bar is that Mrs. Holbrook never made any claim for credit for support of her two infant children, and we fail to find anything in the record to warrant the conclusion that she ever intended to make such a charge, or that conditions were such that a claim would have been allowed had it been made. Furthermore, we are faced with the fact that in 1924 she reported that she had invested the funds of her wards in land and was holding it for them. We have also seen that their money was finally lost in land transactions. Of course the infants got some benefit from living on the land with their mother and their grandfather, but, at the same time, the mother and grandfather were receiving benefits therefrom.

Mrs. Holbrook worked about the home and aided in the support of the children, and they in turn worked as members of the household when they were large enough to do so. No separate accounts were kept, and, according to the testimony of Mr. Sowder, all the parties lived as one family. He also said that he never intended to make any charge for the support of the children. The stepfather made the same statement, and over the objection of appellees stated that his wife never expected to make any charge for the support of her children. It is true that he said on redirect examination that he knew that his wife was using the wards' money and that neither of them expected the children to demand it, but the money referred to was undoubtedly the money invested in the land.

The appellees vigorously contend that Mrs. Holbrook did not have sufficient means of her own to support her children. True it is that the amount she received from her first husband's estate was small, but there is no showing as to how much income she received from the farm, and there is also some proof that she worked in the city from time to time. But aside from all this, we must face the fact that at no time did Mrs. Hol-

510

brook made her claim for credit for the support of her wards; nor can we find anything in the record which shows any intention on her part to ask for such credit.

It follows from what has been said that we are forced to the conclusion that sureties on Mrs. Holbrook's bond could not make claim for credit for the support, upkeep and education of her infant children when she made no such claim while serving as their guardian. This conclusion is supported by the cases of Hutson v. Jenson, 110 Wis. 26, 85 N. W. 689; Guardianship of Snyder, 224 Wis. 200, 272 N. W. 1, 111 A. L. R. 261; Re Clark's Guardianship, 104 Okl. 245, 230 P. 891, 43 A. L. R. 595. See, also, 28 C. J. 1118, 1298, and 12 R. C. L. 1158, and the case of Burton's Adm'r v. Selph, Ky., 118 S. W. 286.

Wherefore, the judgment is reversed, with directions to set it aside and enter a judgment in conformity with this opinion.