72 So.2d 135

**FINDLEY v. STATE.**

2 Div. 869.

Court of Appeals of Alabama.

April 14, 1954.

Jas. S. Coleman, Jr., Eutaw, for appellant.

Si Garrett, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

**HARWOOD, Judge.**

By a Solicitor's complaint this appellant was charged with doing business as a transient photographer without having procured a license as required by Section 569, Title 51, Code of Alabama 1940.

Section 569, supra, imposes a license upon transient photographers in the following terms:

"Every photograph gallery, or person engaged in photography, when the business is conducted at a fixed location: In cities and towns of seventy-five thousand inhabitants and over, twenty-five dollars; in cities and towns of less than seventy-five thousand and not less than forty thousand inhabitants, fifteen dollars; in cities and towns of less than forty thousand and not less than seven thousand inhabitants, ten dollars; in cities and towns of less than seven thousand and over one thousand inhabitants, five dollars; in all other places whether incorporated or not, three dollars. The payment of the license required in this section shall authorize the doing of business only in the town, city, or county where paid. For each transient or traveling photographer, five dollars per week."

The cause below was submitted to the court without a jury, the evidence consisting of an agreed statement of facts plus a narrative statement of the testimony of Mr. George Day, sole owner of the George Day Studios located in Philadelphia, Mississippi. These two pieces of evidence appear in the record as follows:

"Statement of Facts

"The defendant, Roy Findley, is an employee of George Day Portrait Studios, of Philadelphia, Mississippi. The defendant was such employee during the past twelve months when defendant 'took pictures' or exposed negatives of customers, at a room in a hotel in Eutaw, in Greene County, Alabama. The defendant had not, and George Day Portrait Studios had not, at the said time of the exposures taken in this case, obtained a license as required by the provisions of Section 569 of Title 51 of the Code of Alabama of 1940.

"The defendant was charged with violating said code section by doing business as a transient photographer without a license and was convicted before a Justice of the Peace in Eutaw, Greene County, Alabama, and was fined $10.00 and costs. Defendant appealed to the Circuit Court of Greene County, Alabama.

"George Day Portrait Studios is a sole proprietorship doing business in five southern states. The main studio and home office are located at Philadelphia, Mississippi. The Studio has been in operation since 1946, and has been doing business in Alabama since January, 1953. The Studio has paid all taxes levied by the State of Alabama, including sales tax, and in addition has complied with all municipal requirements, but has failed to comply with Section 569, Title 51, 1940 Code of Alabama, contending that said statute imposes a prohibitive tax under the guise of regulation and then omits regulation.

"The method of operation of George Day Portrait Studios is as follows: First an advance unit of two or more solicitors is sent to a town or city; this advance unit solicits orders, collects a deposit, and remits to the home office in Mississippi.

"The customer is notified of the time to appear for a sitting or exposure, which time is about one week after the advance unit.

"The photographer appears, engages a room, usually at a hotel, and makes exposures of the customer at the appointed time. Exposed negatives are sent to the studio in Mississippi.

"About two weeks after the exposure is made, the proof passer exhibits the proofs to the customer in city of customer's residence, which in this case was in Eutaw, Greene County, Alabama; customer's order for final work is taken. Finished portraits are manufactured in main studio in Mississippi and mailed to customer.

"In this case, within the past twelve months, an advance sales unit of George Day Portrait Studios solicited orders in the City of Eutaw, Alabama, and collected a deposit on each order.

"George Day Portrait Studios accepted the orders from the home office in Philadelphia, Mississippi, and notified customers to appear at Hotel Eutaw, in Eutaw, Alabama, during this period to have exposure made.

"Defendant, as employee of George Day Portrait Studios, made the exposures and sent exposed negatives to main studio in Philadelphia, Mississippi, where negatives were processed and proofs and final work were manufactured and sent to customer.

"The taxes due under Section 569, Title 51, 1940 Code of Alabama, for the studio's operations in a city the size of Eutaw for three trips in one year would be $8.00 per trip or $24.00 per year for licenses for three weeks operations.

"George Day Portrait Studios does not maintain any studio in the State of Alabama."

"Testimony of George Day

"In the light of the experience of George Day Portrait Studios doing business as above outlined, reasonable estimates of the results of the Company's sending one of its sales crews into an Alabama town the size of Eutaw would be: An average of three trips per year, with an average gross receipt of $150.00 per trip or $450.00 per year, including sales of extra prints, frames, etc. Costs are: (a) Advance selling, 20% or $90.00; (b) photographer and showing proofs, 24% or $108.00; (c) supervision, 8% or $36.00; (d) total spent in Alabama, 52% or $234.00; (e) administrative expense, including city license, 10% of sales, and other taxes, but excluding the taxes imposed by Section 569, Title 51, 1940 Code of Alabama, $45.00; (f) manufacturing expense, 35% or $157.00; (g) net profit $13.50. In the light of its experience in operations over the five southern states in which the Studio does business, its average net profit on operations in a town or city is four (4%) per cent of the gross receipts. This figure has not yet been attained in Alabama.

"The following are the results of George Day Portrait Studios sending one of its sales crews into the Town of Eutaw, Alabama, on two trips during the year, 1953:

"Sales: Trip #1, $153.95, Trip #2, $49.50

"Total Gross receipts, $202.45

"The following are the items of expense incurred by reason of sending said crew into the Town of Eutaw, Alabama, on two trips:

"(a) Hotel Expense: $27.00
"(b) City License for the City of Eutaw for one year operation being $25.00, same prorated at $17.00 as State License expense for two trips.
(c) Photographers salary, $30.10.
(d) Proof passer's salary, $20.24.
(e) Automobile expense, $19.80.
(f) Supervisors expense for two trips, $15.00.
(g) Manufacture's expense, $60.73.
Total Expense .......... $197.87.

"If the weekly State License for a transient or traveling photographer had been paid, for each of these trips, the additional expense would have been $16.00, being $8.00 per trip which would render a net loss of $11.42. In not paying the said weekly State License, the profit realized by George Day Portrait Studios in Eutaw, Alabama, on gross receipt of $202.45, amounts to $4.58. In the light of its experience in operating over the five Southern States, its average net profit on operation in a town or city is 4% of the gross receipts. This figure has not yet been obtained in Alabama. Mr. Day further testified that, in towns the size of Eutaw, Alabama, the work of the transient photographer required him to be in the town for not more than one day on each trip in any one week in the year."

An examination of the above facts shows them to be practically identical with the facts presented in the recent case of Graves v. State, 258 Ala. 359, 62 So.2d 446, except of course as to the parties involved and the situs of the business operations.

In the Graves case, supra, our Supreme Court held that Section 569, supra, imposed a license on a local activity, and did not constitute a burden on interstate commerce, and was therefore valid.

Counsel for appellant argues however that there were no facts in the Graves case tending to show that the license was inherently discriminatory, whereas the facts in the present case demonstrate that the license, because of economic practicalities, does effectively prohibit interstate commerce in photography in Eutaw, Alabama, and is therefore, in operation, discriminatory and violative of the Federal Constitution.

As stated by Foster, J., in the Graves case, supra, there is no inherent discrimination in Section 569, supra, the classification between local and itinerant photographers being a proper one.

The Achilles heel of this appellant's argument is the well-settled doctrine of our decisions to the effect that the power to tax an occupation is not dependent on and limited by its ability to earn a profit as it is conducted, Warrior Water Co. v. Long, 218 Ala. 125, 117 So. 656; nor can the reasonableness of a license tax be determined by the economic experience of a single business. This for the reason that competition, negligence, inefficiency, or other factors may affect the earnings, matters with which the taxing power cannot be charged. Western Union Tel. Co. v. City of Decatur, 16 Ala.App. 679, 81 So. 199; Nashville C. & St. L. Ry. Co. v. City of Attalla, 118 Ala. 362, 24 So. 450; Nashville C. & St. L. Ry. Co. v. Alabama City, 134 Ala. 414, 32 So. 731; City of Troy v. Western Union Tel. Co., 164 Ala. 482, 51 So. 523, 27 L.R.A.,N.S., 627; Hale v. State, 217 Ala. 403, 116 So. 369, 58 A.L.R. 1333; American Bakeries Co. v. City of Huntsville, 232 Ala. 612, 168 So. 880.

The above principles make untenable appellant's contention that the facts of this case render inapplicable the doctrine of Graves v. State, supra.

Affirmed.