BISHOP v. WARDEN ROBERT WHITE, ET AL.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-153-CV

CHARLES W. BISHOP II APPELLANT

V.

WARDEN ROBERT WHITE, APPELLEES

MAJOR JIMMY BINGHAM, SGT.

KEITH FRANKLIN, INDALECIO

RAMOS, VIRGIL JORDAN, BOBBY

BULLOCH, CHARLES SMITH, DR.

MICHAEL ZEITLEN, DR. EDWARDS,

WARDEN EARL FOX, MS. PERRIT,

LT. TONYA ANTHONY, BARRY

STARNES, OFFICER KIMBERLY

LEWIS, MS. ALEXANDER,

SENSTAR STELLAR SECURITY

FENCE MANUFACTURER,

DORSEY R. TRAPP, JAMES

PARKER, UNIVERSITY HEALTH

SYSTEM, ASSISTANT WARDEN

JOE SHIRLEY, CAPT. JENNINGS,

LT. MICHAEL CRENSHAW,

OFFICER VICKEY FERGASON,

LANCE TROTTER, MS. LEE ANN

SPEARS, HELEN GASS, DEBORAH

FORD, LT. GREGORY MOORE,

WARDEN MOORE, WARDEN

WESTFALL, SANDY HARRIS,

MAJOR DELVIN MOONYHAM,

WARDEN M. SIZEMORE, AND TONY GREEN

------------

FROM THE 30TH
 DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Charles W. Bishop II, a pro se inmate, appeals from the trial court’s order granting partial summary judgment to seven Appellees and dismissing Appellant’s case against the remaining twenty-seven Appellees pursuant to chapter 14 of the Texas Civil Practice and Remedies Code.
(footnote: 2)  We affirm.

Background

Appellant is incarcerated in the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID).  On November 1, 2002, Appellant sued nineteen defendants, alleging they were involved in a conspiracy to cause him harm during his incarceration either in the TDCJ-ID or in the Bexar County Detention Center.  
The petition alleged that Appellant was the subject of a massive conspiracy among the defendants due to their deliberate indifference to his medical needs and failure to give him notice of the status of his hepatitis condition; interference with his mailing privileges; filing a false disciplinary case against him; violating his due process rights during the disciplinary hearing; and upholding the false disciplinary case against him.  The petition also raised other claims relating to Appellant’s condition while in confinement.  Appellant requested a declaratory judgment and injunction, and sought compensatory and punitive damages in the amount of $134,000,000.  Appellant subsequently filed eighteen amended or supplemental petitions, culminating in Appellant’s bringing suit against the thirty-four Appellees in the instant case and nine additional defendants.
(footnote: 3) 

Partial Summary Judgment
 

On August 11, 2003, three Appellees (White, Bingham, and Franklin) filed a motion for summary judgment alleging two grounds:  1) because the case against these Appellees involves a prison disciplinary action, it is not reviewable by state courts and is properly brought by federal habeas corpus petition to federal court after exhaustion of the TDCJ-ID grievance procedure; and 2) these Appellees presented some evidence sufficient to support Appellant’s guilt at the prison disciplinary hearing, and the decision of the hearing officer should not be disturbed.

On November 17, 2003, four other Appellees (Ramos, Jordan, Bulloch, and Smith) filed a motion for summary judgment alleging four grounds:  1) Appellant’s suit is barred by limitations; 2) Appellant failed to provide notice pursuant to the Texas Tort Claims Act; 3) Appellant has not stated a cause of action; and 4) Appellant’s claim is barred by sovereign immunity. 

On February 9, 2004, the trial court granted the motions for summary  judgment filed by these seven Appellees and dismissed Appellant’s claims against them with prejudice.  The trial court’s order does not recite the specific grounds upon which summary judgment was granted.

On May 19, 2004, the trial court dismissed with prejudice Appellant’s claims against the other twenty-seven Appellees.
(footnote: 4)  The February 9, 2004 partial summary judgment became appealable when the trial court signed the May 19, 2004 dismissal order, and Appellant timely filed his notice of appeal complaining of the partial summary judgment.  Appellant also timely filed another notice of appeal complaining of the court’s May 19, 2004 dismissal order.

When a trial court’s summary judgment rests upon more than one independent ground or defense, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made.  
Tarrant County Hosp. Dist. v. GE Automation Servs., Inc., 
156 S.W.3d 885, 891 (Tex. App.—Fort Worth 2005, no pet.); 
Davis v. Conveyor-Matic Inc.
, 139 S.W.2d 423, 428 (Tex. App.—Fort Worth 2004, no pet.).  In his appellate brief, Appellant does not complain of the granting of the partial summary judgment and does not assign error to any of the grounds alleged by the seven Appellees who filed the two motions for summary judgment.  Accordingly, the partial summary judgment dated February 9, 2004 is affirmed. 

Dismissal In Favor Of The Remaining Twenty-seven Appellees

Chapter 14 applies to a suit brought by an inmate in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.002(a).  Accordingly, when Appellant filed such an affidavit in conjunction with this suit, he was required to comply with all the requirements of chapter 14. 
 We review a trial court's dismissal of an inmate's claim under chapter 14 under an abuse of discretion standard.  
See Thomas v. Wichita Gen. Hosp.
, 952 S.W.2d 936, 939 (Tex. App.—Fort Worth 1997, pet. denied); 
Hickson v. Moya
, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ)
.  A court abuses its discretion if it acts without reference to guiding rules or principles.  
See Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).

The trial court’s May 19, 2004 judgment and July 29, 2004 corrected judgment recite that the dismissal was on the court’s own motion pursuant to the provisions of section 14.003.  The final judgment dismissed Appellant’s claims with prejudice in favor of the remaining twenty-seven Appellees, finding that Appellant’s claims against these Appellees are frivolous and malicious.  
See 
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.003(2).  In making this ruling, the court determined that each claim against each Appellee has, at best, only a slight chance of ultimate success, that no claim raised in this cause of action has any arguable basis in law, and that Appellant cannot prove many of the facts necessary to support his various claims.  
See id.
 § 14.003(b)(1)-(3).  The trial court entered findings of fact and conclusions of law that recite the same language. 

The trial court may dismiss a claim if the court finds that the claim is frivolous or malicious.  
Id.
 § 14.003.  In determining whether the claim is frivolous or malicious, the court may consider whether:

(1) the claim’s realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact;

(3) it is clear that the party cannot prove facts in support of the claim; or

(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

Id. §
 14.003(b). 

In making its determination under section 14.003, the court may also take into consideration the requirements imposed by section 14.004.  
Id
. § 14.004
; Thomas
, 952 S.W.2d at 939;
 see Bell v. Tex. Dep’t of Criminal Justice-Institutional Div.,
 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (affirming dismissal of suit as frivolous when affidavit of previous filings failed to comply with requirements of chapter 14);  
see also Hickson
, 926 S.W.2d at 399 (holding chapter 14 was designed to control the flood of frivolous lawsuits being filed in the courts of this state by prison inmates, consuming valuable judicial resources with little offsetting benefit).  In this way, a trial court can determine, based on previous filings, if the suit is frivolous because the inmate has already filed a similar claim.  
Bell
, 962 S.W.2d at 158.
 

Section 14.004 required Appellant to file an affidavit: 

(1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and 

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the suit was brought;

(C) identifying each party named in the suit; and 

(D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

Tex. Civ. Prac. & Rem. Code Ann.
 § 14.004. 

The Texas Attorney General has filed an appellate brief on behalf of Appellee Deborah Ford, and has filed an identical 
amicus curiae
 brief that appears to be filed on behalf of the remaining twenty-six Appellees.  In its briefs, the Attorney General asserts that we should affirm the trial court’s judgment for numerous reasons:  Appellant’s affidavit of previous filings is defective;
(footnote: 5) Appellant has not filed a certified copy of his trust fund account;
(footnote: 6) Appellant has failed to exhaust his administrative grievances and has failed to attach a copy of the administrative grievance in the case at bar;
(footnote: 7) and Appellant’s claims are frivolous or malicious because they are substantially similar to nine previous claims filed by Appellant.
(footnote: 8) 

The purpose of sections 14.003 and 14.004 has been stated as follows:  “[T]he Texas Legislature recognized the problem of constant, often duplicative, inmate litigation in this state, and sought to reduce it by requiring the inmate to notify the trial court of previous litigation and the outcome.”  
Bell
, 962 S.W.2d at 158.

Trial courts are given broad discretion in determining whether a case should be dismissed under chapter 14 because:  1) prisoners have a strong incentive to litigate; 2) the government bears the cost of an 
in forma pauperis 
suit; 3) sanctions are not effective; and 4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants.  
Retzlaff v. Tex. Dept. of Criminal Justice
, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied);
 
Montana v. Patterson
, 894 S.W.2d 812, 814-15 (Tex. App.—Tyler 1994, no writ).
(footnote: 9) 

We initially note that neither of the two briefs filed by the Texas Attorney General contain 
any
 record references to the documents in the clerk’s record that the briefs discuss; the clerk’s record on appeal consists of eleven volumes, totaling 2252 pages.  Nonetheless, as is our responsibility, we have independently reviewed the record to determine whether the trial court abused its discretion in dismissing Appellant’s claims against the remaining twenty-seven Appellees.

In his affidavit of previous filings, Appellant listed twenty-one suits he has filed between 1999 and 2002 in state and federal courts.  In twelve of these recitations, Appellant failed to list all the parties that he had sued; he simply listed the first defendant and “et al.”  
Without properly identifying all the parties to the lawsuits that Appellant had previously filed, his affidavit is insufficient to meet the requirements of section 14.004.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.004(a)(2)(C); 
Bell
, 962 S.W.2d at 158.
  Accordingly, we hold the trial court did not abuse its discretion in dismissing Appellant's suit against the remaining twenty-seven Appellees as frivolous under section 14.003 because Appellant’s affidavit relating to previous filings was inadequate.
(footnote: 10) 

Conclusion

We affirm the judgment of the trial court.
(footnote: 11)
 PER CURIAM

PANEL A:  HOLMAN, LIVINGSTON, and  DAUPHINOT, JJ.

DELIVERED:  November 23, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Civ. Prac. & Rem. Code Ann.
 ch. 14 (Vernon 2002).

3:
The trial judge severed Appellant’s case against these thirty-four Appellees from his case against the nine additional defendants.  The latter case was 
dismissed pursuant to chapter 14 of the Texas Civil Practice and Remedies Code, and the trial court’s judgment was affirmed on appeal.  
See Bishop v. Lawson
, 131 S.W.3d 571 (Tex. App.—Fort Worth 2004, pet. denied).

As mentioned in our prior opinion, Appellant first filed the instant suit in the United States District Court for the Eastern District of Texas, and it was dismissed due to Appellant’s history of filing frivolous and malicious cases.  
Id. 
 at 575; 
Bishop v. Sparks
, Civil Action No. 1:02cv622 (E.D. Tex. Sept. 27, 2002) (mem. op.).  In the federal lawsuit, Appellant sued forty-six defendants and sought to proceed 
in forma pauperis
; the federal court determined that “at least three of plaintiff’s prior lawsuits or appeals have been dismissed as frivolous” naming four specific federal lawsuits, and that “[a]s a result, plaintiff is barred from bringing this action 
in forma pauperis.
”  
Bishop
, 131 S.W.3d at 575.  Additionally, we noted in our prior opinion that the United States District Court for the Western District of Texas issued an opinion that recited Appellant’s extensive litigation history, dismissed his claims as frivolous, and ordered him “barred for life” from filing any lawsuit in that court or from filing any lawsuit in any other court that is removable or transferable to that court, without first obtaining written permission from an active duty district judge of that court or of the Fifth Circuit.  
Bishop v. Lopez,
 Civil No. SA-01-CA-1094-OG (W.D. Tex. Jan. 31, 2002) (mem. op.); 
Bishop
, 131 S.W.3d at 576.
 

4:
Because the May 19, 2004 dismissal order did not list the names of the specific Appellees in favor of whom judgment was granted, we abated the appeal and remanded the case to the trial court for entry of a corrected judgment.  On July 15, 2004, the trial court signed a corrected judgment that listed the names of these twenty-seven Appellees. 

5:
See id.
 § 14.004.

6:
See
 
id.
 § 14.006
(f).

7:
See id.
 § 14.005.

8:
See id.
 §§ 14.003(b)(4), 14.004(b).

9:
Montana 
relied upon 
Green v. McKaskle
, 788 F.2d 1116, 1119-20 (5th Cir. 1986), which stated “Unlike most litigants, prisoners have everything to gain and nothing to lose by filing frivolous suits.  Filing a suit in forma pauperis costs a prisoner little or nothing; time is usually of little importance to a prisoner and prisoners are not often deterred by the threat of possible sanctions for malicious or frivolous actions or perjury. . . .Thus, the temptation to file frivolous or malicious suits is strong, and these suits clutter up the federal courts, wasting scarce and valuable judicial resources, subjecting prison officials unnecessarily to the burdens of litigation and preventing prisoner suits with merit from receiving adequate attention.”

10:
Because we have determined the trial court did not abuse its discretion in dismissing Appellant’s suit, we need not address Appellant’s remaining issues.  
See
 
Tex. R. App. P.
 47.1. 

11:
We overrule three pending motions filed by Appellant:  1) “Appellant’s Motion Challenging The Finding That He Sent A Request To The Senstar Stellar Security Fence Manufacture, Asking That They Send Him Their Security Fence Plans After His Arrival At The Cleveland Unit, Appellant Challenges Both The Factual and Legal Sufficiency of This Finding By A ’No Evidence’ and An ‘Insufficient Evidence’ Point”; 2) “Advisory to the Court”; and 3) “Appellant’s Motion for Sanctions Against Appellee Dorsey Ray Trapp District Clerk Wichita County.”