173 So.2d 777

**UNITED GAS PIPE LINE COMPANY**

v.

**IDEAL CEMENT COMPANY et al.**

**1 Div. 138.**

Supreme Court of Alabama.

April 8, 1965.

Vickers, Riis, Murray & Curran, Mobile, Jas. L. White, Wm. E. Murane and Holland & Hart, Denver, Colo., for appellee Ideal Cement Co.

Gaillard, Smith & Green, Mobile, for appellee Scott Paper Co.

Stone & Howard, Mobile, Hill, Hill, Stovall & Carter, Montgomery, Saunders Gregg, Shreveport, La., and Beggs, Lane, Daniel, Middlebrooks & Gaines, Pensacola, Fla., for appellant.

Wm. R. Lauten and Ralph Kennamer, Mobile, for City of Mobile.

LIVINGSTON, Chief Justice.

This is an appeal from a decree rendered in a declaratory judgment proceeding filed by the appellant against the appellees in the Circuit Court of Mobile County, in accordance with Sections 156–168, Title 7, Code of Alabama 1940 (Recompiled Code 1958). The bill of complaint sought construction of Par. 193, Section 1 of the License Code of the City of Mobile, Alabama, adopted December 21, 1954, and amended through December 3, 1957. The said paragraph, entitled "Gas Companies," is concerned with a gross receipt tax levied on the sale of natural gas.

The parties to this appeal are Appellant (complainant below) United Gas Pipe Line Company, hereinafter referred to as "United"; Appellee (respondent below), Ideal Cement Company, hereinafter referred to as "Ideal"; Appellee (respondent below), Scott Paper Company, hereinafter referred to as "Scott"; Appellee (respondent below), the City of Mobile, Alabama, hereinafter referred to as "City." The City was joined in this cause to comply with the requirements of Sec. 166, Title 7, Code of 1940. Apparently, the interest of the City is more closely allied with United, and, consequently, the City has adopted both brief and the assignments of error which were submitted by United.

The circuit court decreed, and this court agrees, "that the license fee or tax imposed by said ordinance is for engaging in the business of selling and distributing natural gas in the City of Mobile and its police jurisdiction and does not impose a license tax or fee for entering the City of Mobile to engage in business."

Since this ruling was not challenged by any of the parties to this appeal, we are not concerned with the circuit court's construction of Par. 193; however, the question on this appeal does concern the interpretation by the circuit court of Section 16 of the same Code as it applied to Paragraph 193. The court decreed:

" * * * that if the complainant is engaged exclusively in interstate commerce in the City of Mobile and its police jurisdiction, the ordinance [Paragraph 193] would have no application, because Section 16 thereof provides as follows: 'No provision of this Code shall be applied: (a) so as to impose any unlawful tax or unlawful burden on interstate commerce or on any activity of the State or Federal governments; or (b) in any manner which is repugnant to or violates any provision of the United States or Alabama constitutions.' "

Therefore, this appeal simply questions the circuit court's interpretation of Section 16 of the Mobile License Code.

The facts in this case are as follows: Under the authority of Sec. 745, Title 37, Code of 1940, as amended by Act No. 355, Acts of 1947, p. 240, apprvd. August 15,

1947; and Act No. 613, Acts of 1949, p. 945, apprvd. September 19, 1949; the City levied an annual license tax on the business of selling or distributing natural gas. The tax was measured by the gross receipts from sales in the preceding year and at the rate of 3 per cent of the sales in the city and 1½ per cent of the sales in the adjoining police jurisdiction. Ideal was located in the city where the 3 per cent tax was applicable, and Scott was then in the adjoining police jurisdiction where the tax rate was 1½ per cent.

United is an interstate pipe line company which sells gas to Ideal and Scott. Article XVI of the respective contracts between United and the buyers provides:

"Buyer agrees to reimburse seller for all taxes which may be levied upon and paid by seller, or which seller under contractual or legal obligation pays to the person or company on which such taxes are levied on or with respect to the gas delivered hereunder; * * *"

During the years of 1956, 1957 and 1958, the City imposed the aforementioned tax. Because of the contractual reimbursement clause, United requested that Scott and Ideal pay the tax. They refused to pay, for reasons later discussed. United proceeded to pay the tax during the three-year period in question, and in the present and surrounding litigations, United seeks to recover from Scott and Ideal, under Article XVI of their contracts, for the said gross receipt taxes paid to the City.

The first amended complaint was filed in the United States District Court, Southern District of Alabama, on December 3, 1958. The respondents, Scott and Ideal, defended on the ground that their contracts with the complainant contemplated reimbursement only of a valid and constitutional tax, and the respondents contend that the sale of gas from complainant to them for which the tax was levied was a sale in interstate commerce and that the tax imposed by the City, as it would apply to such sales, is in violation of the commerce clause of the United States Constitution. The District Court upheld the validity of the tax. On appeal, the United States Court of Appeals for the Fifth Circuit reversed the District Court. The complainant appealed to the Supreme Court of the United States.

The United States Supreme Court, in United Gas Pipe Line Co. v. Ideal Cement Co. et al., 369 U.S. 134, 82 S.Ct. 676, 7 L.Ed.2d 623, vacated the judgment of the Court of Appeals in order that a construction of the License Code of the City of Mobile could be established by the state courts. In the decision, the court related that:

"The interpretation of state law by the Court of Appeals, in an opinion by its Alabama member, was rendered in advance of construction of the License Code by the courts of the State, which alone, of course, can define its authoritative meaning. We ought not, certainly on this record, either accept the Court of Appeals' construction or, on an independent consideration, reject what the Alabama Supreme Court may later definitively approve. * * *"

At this point in time, the present litigation began in the Circuit Court of Mobile County, Alabama, as was noted above, which eventually led to this appeal.

Assignment and Cross-Assignment of Error 3 is as follows:

"3. The Court erred in finding and adjudging that under Section 16 of the License Code 'if the complainant is engaged exclusively in interstate commerce in the City of Mobile and its police jurisdiction the ordinance would have no application,' because Section 16 excludes only 'any unlawful tax or unlawful burden on interstate commerce,' not a lawful tax on separable local portions or incidents of interstate commerce."

Assignment and Cross-Assignment of Error 4 is as follows:

"4. The finding that the tax ordinance would have no application if, hypothetically, the complainant (appellant) is engaged exclusively in interstate commerce invades the province of the Federal courts and would attempt to limit the Federal courts to the determination of the bare factual question of whether the complainant is engaged exclusively in interstate commerce rather than the Federal Constitutional question of whether the tax here imposed constitutes an unlawful tax or unlawful burden on such commerce."

The United States Supreme Court has carefully and explicitly refrained from invading the province of the state courts by returning the case to this court for an interpretation of the local legislation involved. They suggested the availability of the declaratory judgment as a method of obtaining a construction of the License Code in the Alabama courts. When the construction of the state legislation is accomplished, the action will return to the Federal courts from which it originated for an interpretation of the Federal questions. Therefore, this court must refrain from infringing on any Federal questions.

Considering the above, this court must decide whether the Circuit Court exceeded its authority in the ruling. The United States Supreme Court requested in United Gas Pipe Line Co. v. Ideal Cement Company et al., supra, that the Alabama courts give a construction of the License Code to define its meaning. The responsibility of this court is somewhat analogous to that of the Supreme Court of Louisiana in Leiter Minerals, Inc. v. California Co., 241 La. 915, 132 So.2d 845. Our only task is to interpret Paragraph 193 of the Mobile License Code, and we find no fault with the interpretation of the circuit court as to said Section 193. Therefore, we think the circuit court was in error for ruling on the question of the applicability of Section 16.

In addition to the error of the circuit court in ruling on this question at all, we also think that the court was in error in the ruling that was made.

Clause 3, Section 8, Article I of the Constitution of the United States, commonly known as the Commerce Clause, reads as follows:

"The Congress shall have power * * *;

"To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes;"

Therefore, Congress is constitutionally vested with the power to regulate interstate commerce. "However, in the exercise of its general police power and its power to license occupations and businesses, a state or municipality may impose a license tax for the doing of local or domestic business within its territorial jurisdiction, although the property involved may have come originally from another state, * * * although the person or corporation involved may also be engaged in interstate commerce, * * *." 15 C.J.S. Commerce § 114.

In the light of this interpretation by the United States Supreme Court, as so aptly paraphrased from the leading cases by Corpus Juris Secundum, it is inconceivable that the portion of Sec. 735, Title 37, supra, which states: "The license herein authorized as to persons, firms or corporations engaged in business in connection with interstate commerce, shall be confined to that portion within the limits of the state, and where such person, firm or corporation has an office or transacts business in the city or town imposing the license" should be more restrictively construed than the Federal courts construe the Commerce Clause of the Constitution of the United States.

In fact, we find the case of Postal Telegraph-Cable Co. v. City of Decatur, 16 Ala.App. 684, 81 So. 204, directly opposed to the holding of the Mobile Circuit Court on this question. In commenting on the portion of Sec. 1339 of the Code of Alabama 1907, amended by Act No. 121, Acts of

1909, p. 121, which is almost identical in wording, and which is identical in meaning, to the above-quoted portion of Sec. 735 of Title 37, supra, the court held:

"While the thought might have been more clearly expressed, the manifest intent and purpose of the proviso was to limit the authority of the municipality to the levying of a tax on the intrastate business of such persons, firms, and corporations conducted through an office within the corporate limits of the municipality. * * *"

See also Sanford Service Co. v. City of Andalusia, 256 Ala. 507, 55 So.2d 856.

■ We find nothing in Sec. 735, Title 37, supra, which would expressly prohibit the City of Mobile from adopting such an ordinance as is embodied in Sec. 1, Paragraph 193 of the Mobile License Code or which would diminish the applicability of such an ordinance to appellant, United Gas Pipe Line Company, even if it were engaged in interstate commerce. Thus, Sec. 1, Paragraph 193 of the Mobile License Code is applicable to United unless it is later decided that the tax imposed is an unlawful tax or an unlawful burden on interstate commerce in violation of Section 16 of the same Code. As to whether or not this tax creates an unlawful burden on interstate commerce is a question for the Federal court to decide upon return of this case. As it was stated in Leiter Minerals, Inc. v. United States of America et al., 352 U.S. 220, 229, 77 S.Ct. 287, 293, 1 L.Ed.2d 267:

"* * * It need hardly be added that the state courts in such a proceeding can decide definitively only questions of state law that are not subject to overriding federal law."

■ This court agrees with the Mobile Circuit Court as to the nature of the tax imposed in Section 1, Paragraph 193 of the Mobile License Code, but we hold that the further ruling as to the applicability of Section 16 of the same Code was not appropriate to be considered in the declaratory judgment action. Whether or not such a tax is an undue burden on interstate commerce is a question to be determined in the litigation which has been instituted in the Federal court.

Reversed and remanded.

LAWSON, GOODWYN and COLEMAN, JJ., concur.